IUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61329-CIV-COHN/SELTZER

WENDY WHITNEY, a Florida resident,

      Plaintiff,

vs.

ESURANCE INSURANCE COMPANY, a foreign corporation and LISA REYNOLDS, a Florida resident,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FRAUDULENT JOINDER AND DENYING AS MOOT PLAINTIFF'S MOTION TO REMAND

**THIS CAUSE** is before the Court upon Defendants, Esurance Insurance Company and Lisa Reynolds', Motion to Dismiss for Fraudulent Joinder [DE 9] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 11] ("Response"), Defendants' Reply [DE 18] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Wendy Whitney ("Plaintiff") filed this action against Defendants Esurance Insurance Company ("Esurance") and Lisa Reynolds ("Reynolds") (collectively "Defendants") on April 25, 2013, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County. Defendant Esurance removed the case to this Court on June 14, 2013. Notice of Removal [DE 1]. According to the Complaint, Plaintiff had an automobile liability insurance policy with Esurance containing bodily injury policy limits of $250,000 per person/$500,000 per accident. Compl. [DE 1-1] ¶ 5. On December

31, 2008, Plaintiff was in an accident with Manos Milien wherein he sustained "serious, catastrophic personal injuries and paralysis." Id. ¶ 6. Plaintiff contends that Esurance "failed to timely tender [her] available coverage to Manos Milien." Id. ¶ 13. Reynolds "negligently misrepresented" to Plaintiff that she would timely tender the $250,000 policy limits to Manos Milien, but failed to do so. Id. ¶ 14. As a result, Manos Milien filed suit against Plaintiff and obtained a judgment of $31,445,000.00 against her. Id. ¶¶ 15-16. A judgment of $212,375.98 in costs was also entered against Plaintiff. Id. ¶ 18. Plaintiff contends that Esurance breached its good faith duties to her. Id. ¶¶ 23-26. Additionally, Plaintiff alleges that Reynolds, the claims adjuster, made negligent misrepresentations to her regarding the investigation, handling, and settlement of Manos Milien's claim. Id. ¶¶27-33. Defendants have moved to dismiss the Complaint as to Reynolds on the grounds that Reynolds was fraudulently joined in this matter. Plaintiff opposes the Motion.

## II. DISCUSSION

"To establish fraudulent joinder, 'the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). This burden is a "heavy one." Id. (internal quotation marks omitted). To defeat a fraudulent joinder claim, the complaint need only present "a possibility of stating a valid cause of action." Id. at 1333 (quoting Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998)). "[T]he district

2

court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998). If the court finds that the non-diverse defendant was fraudulently joined, "the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007) (citations omitted).

Here, Defendants allege that Reynolds was fraudulently joined to this action to defeat this Court's diversity jurisdiction. Motion at 2. Specifically, Defendants contend that Reynolds' joinder was fraudulent because "there is no possibility that the [sic] she can establish a viable cause of action as to Defendant Reynolds." Id. at 5. In support of this argument, Defendants contend that Plaintiff cannot assert a bad faith claim against Reynolds because "Florida's bad faith law sets forth a duty that is owed by an insurer to its insured, not a duty that is owed by an insurance adjuster to the insured." Id. at 7. Defendants further argue that Florida law does not recognize a cause of action for negligent misrepresentation against insurance adjusters. Id. at 12-13. In opposition, Plaintiff states that she is not asserting a bad faith claim against Reynolds. Response at 4.[1] Instead, Plaintiff contends that "she has sufficiently plead with factual allegations the elements of a cause of action for negligent misrepresentation against REYNOLDS." Id. For the reasons discussed below, the Court agrees with Defendants that Plaintiff cannot establish a claim for negligent misrepresentation against Reynolds.

---

[1] Accordingly, the Court will not address whether Plaintiff may state a bad faith claim against Reynolds.

The Complaint is clear that it brings a negligent misrepresentation claim against Reynolds.  See, e.g., Compl. ¶¶ 27, 28, 31, 35.  "Florida law does not recognize a cause of action by an insured against an independent insurance adjuster in simple negligence."  King v. Nat'l Sec. Fire & Cas. Co., 656 So.2d 1338, 1339 (Fla. Dist. Ct. App. 1995).  As explained by the Fourth District Court of Appeal, an insurance adjuster "does not owe a duty to the insured unless the insured is suing for an intentional tort."  Id.  Applying King, this Court has previously found that an insured cannot state a valid claim for negligence against insurance adjusters assigned to its claim.  Fontainebleau Gardens Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd., 768 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011); see also Kuhlman v. Crawford & Co., No. 01-6036-CIV, 2002 WL 34368089, at *3 (S.D. Fla. Jan. 23, 2002) ("[T]his Court concludes that none of these common law torts based upon a breach of duty are available in Florida against an insurance adjustor.").

Plaintiff criticizes this Court's holdings in Fontainebleau Gardens Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd. and Kuhlman v. Crawford & Co., by arguing that these cases misapplied King.  Response at 7.  Plaintiff argues King's holding was limited solely to independent adjusters, not employee adjusters like Reynolds.  Id.  The Court is not persuaded.  If the Court were to accept Plaintiff's interpretation of King, Florida law would permit greater liability against employee adjusters than independent adjusters.  As Defendants point out, however, this is an absurd result.  See Reply at 6.  There is no basis for the Court to conclude that Florida law treats independent and employee

adjusters differently, especially when neither are in privity of contract with the insured.[2]

Finally, the Court rejects Plaintiff's reliance on case law discussing general agency principals to support that she may assert a negligent misrepresentation claim against Reynolds.  See Response at 5-6.  Florida has developed a specific body of insurance law.  As discussed above, Florida case law has rejected negligence claims against insurance adjusters in precisely these circumstances.  Accordingly, because Plaintiff cannot establish a claim against Reynolds, the Court finds that she was fraudulently joined in this matter, will grant the Motion and dismiss all claims against Reynolds, and deny Plaintiff's motion to remand as moot.  See Dumas v. ACCC Ins. Co., 349 F. App' x 489, 492 (11th Cir. 2009) (affirming district court dismissal of insurance adjuster defendant and denial of motion to remand where under Georgia law, insurance adjuster did not owe insured an independent duty to act in good faith).

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants, Esurance Insurance Company and Lisa Reynolds', Motion to Dismiss for Fraudulent Joinder [DE 9] is **GRANTED**;

---

[2] Plaintiff appears to assert that because Reynolds was Esurance's employee, she was in privity with Plaintiff.  See Response at 8.  The Court disagrees.  "Under Florida law, 'a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.'" Stallworth v. Hartford Ins. Co., No. 3:06cv89/MCR/EMT, 2006 WL 2711597, at *7  (N.D. Fla. Sept. 19, 2006) (quoting Philip Schwartz, Inc. v. Gold Coast Graphics, Inc., 623 So. 2d 819, 820 (Fla. Dist. Ct. App. 1993)).  Here, there are no allegations in the Complaint which support that Reynolds was a party to the insurance contract or even participated in the drafting of Plaintiff's insurance contract.  Thus, there is zero basis for Plaintiff to assert that she was in privity with Reynolds.

2. Plaintiff's claims against Defendant Lisa Reynolds are hereby **DISMISSED WITH PREJUDICE** for fraudulent joinder; and

3. Plaintiff's Motion to Remand [DE 10] is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of August, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.